UNITED STATES COURT OF APPEALS

**Filed 6/26/96**

FOR THE TENTH CIRCUIT

MEL B. EDWARDS,

      Plaintiff-Appellant,

v.

LIBERTY NATIONAL BANK &
TRUST COMPANY OF OKLAHOMA
CITY, a Banking Institution,

      Defendant-Appellee.

No. 95-6303
(D.C. No. CIV-94-1599-D)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Mel B. Edwards appeals the district court's grant of summary judgment in favor of defendant on his age discrimination claim, brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). Because plaintiff presented sufficient evidence to raise a question of fact whether age contributed to the decision to terminate him, we reverse and remand for further proceedings.

Mr. Edwards worked for Liberty Bank & Trust Company for approximately thirty-two years, from August 1962 to April 1994. At the time of his termination, he was fifty-one years old, and the vice-president in charge of the item processing department in Oklahoma City. His counterpart in the Tulsa item processing department was thirty-nine years old.

In 1994, Liberty hired an independent consulting firm to analyze its organization and procedures. The firm recommended that Liberty reduce its workforce, and specifically recommended eliminating one of the two item processing manager positions. Mr. Edwards' supervisor, Nancy Landholt, made the decision to eliminate his position, and to distribute his duties to the Tulsa item processing manager and to two other managers.

Believing that he had been terminated based on his age, Mr. Edwards filed suit in the United States District Court for the Western District of Oklahoma. The district court granted summary judgment in Liberty's favor, finding that Mr. Edwards did not present sufficient

evidence of age discrimination or show that Liberty's stated reason for its decision was pretextual. This appeal followed.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S. Ct. 655 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

In age discrimination cases, we apply the three-part burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. See Ingels v. Thiokol Corp., 42 F.3d 616, 621 (10th Cir. 1994). Under this analysis, the plaintiff must first establish a prima facie case of discrimination. Id. The burden then shifts to the defendant to articulate a facially nondiscriminatory reason for the employment decision. Id. Upon such a showing, the presumption of discrimination established by the prima facie showing "'simply drops out of the picture.'" Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993)). The plaintiff then carries the full burden of showing that defendant discriminated on the basis of age, either by providing direct evidence of discrimination, or by showing that the employer's proffered reason is pretextual. Id.

Here, it is undisputed that Mr. Edwards presented a prima facie case of age discrimination, by showing that (1) he was over forty; (2) he was doing satisfactory work; (3) he was discharged despite the adequacy of his work; and (4) he was treated less favorably than younger employees during the reduction-in-force. See id. Liberty also met its burden of showing a legitimate, nondiscriminatory reason for its decision, by showing that (1) the decision to eliminate one of the item processing positions was an economic one, based on the consulting firm's recommendation; (2) the decision to terminate Mr. Edwards was made by comparing his qualifications to those of the Tulsa manager; and (3) supervisor Landholt decided to terminate him because of several recent errors in his department, his lack of computer training, and his poor communication skills. Appendix at 43-47, 54-56, 60, 65-66, 168-69. The question, then, is whether Mr. Edwards' evidence of pretext, when interpreted in the light most favorable to him, "could [have] persuade[d] a reasonable jury that the employer had discriminated against [him]." Jones v. Unisys Corp., 54 F.3d 624, 632 (10th Cir. 1995)(quotations and citations omitted).

"A plaintiff demonstrates pretext by showing either that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." Id. (quotations and citations omitted). To meet his burden, Mr. Edwards presented the following evidence: (1) Ms. Landholt originated the nickname "Gramps" for Mr. Edwards and continued to call him this name after becoming his supervisor, Appendix at 86, 171; (2) when discussing Mr. Edwards' discharge, Ms. Landholt stated that he had

4

"old-fashioned ideas," that "he was standing in the way of progress," and that he "was in the way," id. at 178; (3) although Mr. Edwards was informed that his termination was not related to his performance, Ms. Landholt told another manager that the action was "more than just a job elimination," and that she had been having "discipline problems" with Mr. Edwards, id. at 146, 170, 189; (4) bank employees, including Ms. Landholt and Mr. Edwards' former supervisor, called him "Poppa Smurf," referring to a grey-haired cartoon character, id. at 81-82, 192-93; (5) Mr. Edwards' responsibilities were distributed to the Tulsa manager, age thirty-nine, and two other managers, ages thirty-nine and forty-two, id. at 68-71, 256, 269; (6) approximately six months after his termination, Liberty hired a new thirty-three year old manager of research and adjustments, whose duties had been performed formerly by the item processing department, under Mr. Edwards' supervision, id. at 68-71, 201; (7) there were rumors that Mr. Edwards was terminated because he had been there a long time, and that the next senior person was "next on the list," id. at 202-03; (8) Mr. Edwards had always received outstanding performance reviews, letters of commendation, and merit pay raises, id. at 142-43, 208-230, 232-251; (9) the performance reasons identified by Ms. Landholt were either untrue or were someone else's responsibility, id. at 43, 63, 155-56, 158-59; (10) fellow managers and subordinates believed that Mr. Edwards' performance was outstanding and that he was more qualified than the Tulsa manager, id. at 177, 185, 195-96; and (11) a picture of Mr. Edwards' forty-eighth birthday party was published in the bank newsletter, id. at 78.

Although we agree that certain of Mr. Edwards' evidence is not relevant, we believe that the remainder, taken as a whole, raises a factual issue as to the role age played in Liberty's decision to terminate him. The district court incorrectly rejected evidence of Mr. Edwards' supervisor's comments as "stray remarks" which did not raise the inference of discrimination. Unlike the comments in Cone v. Longmont United Hospital Ass'n, 14 F.3d 526, 531 (10th Cir. 1994), here there was a direct nexus between the age-related comments and the decision to terminate Mr. Edwards. Not only were the comments made by the person who decided to terminate him, but they also related specifically to Mr. Edwards and the reason for his termination. See id. at 531 (to raise inference of discrimination, age-related comments must have been made by decisionmaker, and must have some nexus to plaintiff, his position, or the employment decision); see also Tomsic v. State Farm Mut. Auto. Ins. Co., No. 95-4002, 1996 WL 306608, at *7 (10th Cir. June 7, 1996)(holding that comments were probative of pretext because they were directed at plaintiffs and were made by someone who recommended their termination).

Evidence that a thirty-three year old was hired subsequent to Mr. Edwards' termination is also relevant, as the new manager was hired to do work Mr. Edwards previously performed, and which he was qualified to do. See Appendix at 69-70, 199, 201; cf. Furr v. Seagate Technology, Inc., 82 F.3d 980, 986 & n.2 (10th Cir. 1996)(holding that evidence of post-RIF hiring irrelevant because no showing that position was similar to plaintiffs' or that they were qualified for position). Ms. Landholt's inconsistent statements

regarding the role that Mr. Edwards' performance played in her decision are also probative of pretext. <u>See</u> <u>Tomsic</u>, 1996 WL 306608, at *7. Finally, evidence of Mr. Edwards' qualifications and performance, although insufficient in itself to show pretext, is probative when considered in conjunction with his other evidence of discriminatory intent. <u>See, e.g.</u>, <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 259 (1981)("The fact that a court may think that the employer misjudged the qualifications of the [employees] does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination."). For these reasons, the district court erred in granting summary judgment in defendant's favor.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings.

Entered for the Court


Nathaniel R. Jones
Senior Circuit Judge

7