**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DANNY MEYERS,

     Plaintiff-Appellant,

v.

HAYSSEN MANUFACTURING
COMPANY, also known as Hayssen Mfg.
Co., a corporation,

     Defendant-Appellee,

and

FLUOR CONSTRUCTORS
INTERNATIONAL, INC., formerly
known as Fluor Constructors, Inc., a
corporation; FLUOR DANIEL, INC., a
corporation, formerly known as Fluor
Engineers, Inc.,

     Defendants.

No.  96-5082
(D.C. No. 94-C-342-K)
(N.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Danny Meyers brought a manufacturer's products liability action for injuries he sustained when his hand was pulled into a wrapping machine manufactured by defendant Hayssen Manufacturing Co. Following a jury trial, the jury found in defendant's favor. Plaintiff appeals, claiming error in the jury instructions. He also challenges the district court's award of certain costs and fees to defendant. Federal jurisdiction is based on the diversity of the parties. See 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

## Jury instructions

"In a diversity case the substance of a jury instruction is a matter of state law, but its grant or denial is a procedural matter controlled by federal law." Staley v. Bridgestone/Firestone, Inc., No. 95-1265, 1997 WL 55944, at * 3 (10th Cir. Feb. 12, 1997). An appeal of a trial court's jury instructions requires this court to consider whether the instructions correctly stated the applicable law and provided the jury with a sufficient understanding of the issues and standards involved in the case. Rios v. Bigler, 67 F.3d 1543, 1549 (10th Cir. 1995). "An error in jury instructions will mandate

reversal . . . only if the error is determined to have been prejudicial after reviewing the record as a whole." King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995) (quotation omitted).

In this case, the record provided does not include all of the instructions given to the jury. Although we are unable to evaluate the instructions in the broad context of the jury trial, we can determine whether the challenged instructions misstate the law.

Plaintiff first objects to the instruction titled "Unreasonably Dangerous - Defined" because it permitted the jury to consider whether plaintiff was a "knowledgeable user" of the machine, without defining "knowledgeable user." Plaintiff alleges that the term "knowledgeable user" introduced a confusing and misleading concept into the case which unfairly prejudiced plaintiff. Under Oklahoma law, however, both the expertise of the user of the product and the foreseeability of use are relevant. See Hutchins v. Silicone Specialties, Inc., 881 P.2d 64, 67 (Okla. 1994) (manufacturer was not required to foresee that professional users of product would fail to read warnings, and then use product in a manner expressly warned against).

We next consider plaintiff's objection to the instruction titled "Intervening Cause - Definition." Plaintiff concedes that an intervening cause instruction was appropriate, but objects to the term "defendant's act," used in the instruction, instead of "defect in a product." Plaintiff points out that in a strict liability action, liability is based on the defective product itself. While we agree that the reference to "defendant's act"

was imprecise, a minor imprecision in a single instruction does not necessarily establish reversible error. See Wheeler v. John Deere Co., 935 F.2d 1090, 1103 (10th Cir. 1991) (in context of instructions as a whole, no error in substituting the word "unsafe" for the term "unreasonably dangerous").

Plaintiff contends that the jury instruction titled "Foreseeability - definition" was erroneous. He asserts that the instruction required the jury to find in defendant's favor unless defendant had anticipated the specific situation that resulted in plaintiff's injuries. He also claims that foreseeability is a concept pertinent only to negligence claims, not to strict liability claims.

The instruction did not state that defendant must have anticipated the specific situation that occurred here in order to be liable for a defective product. Furthermore, foreseeability was relevant to this strict products liability action because under Oklahoma products liability law, a manufacturer is required to anticipate all foreseeable uses of its product. Daniel v. Ben E. Keith Co., 97 F.3d 1329, 1334 (10th Cir. 1996); Smith v. United States Gypsum Co., 612 P.2d 251, 254 (Okla. 1980); see also Saupitty v. Yazoo Mfg. Co., 726 F.2d 657, 659 (10th Cir. 1984) (under Oklahoma law, manufacturer is liable if modification of its product was foreseeable).

Plaintiff next contends that the instruction titled "Substantial Change in Product" should not have been given on the ground that it was superfluous to the instructions on

-4-

causation. We cannot evaluate this argument because we do not have all of the instructions given to the jury.

Plaintiff also objects to the instruction on substantial change in product on the grounds that it relieved defendant of liability unless the modifications to the wrapping machine were specifically foreseeable, and it did not instruct that the modifications must have contributed to plaintiff's injuries. The instruction did not state that the modifications must have been specifically foreseeable. Moreover, foreseeability is pertinent to whether a manufacturer will be held liable even though its product was changed by the user. See Smith, 612 P.2d at 254 (manufacturer must anticipate all foreseeable uses of product); cf. Fields v. Volkswagen of Am., Inc., 555 P.2d 48, 56-57 (Okla. 1976) (in products liability action, to determine whether plaintiff's use of product was abnormal, court must evaluate whether use was foreseeable by manufacturer). We cannot evaluate the remaining challenge because we do not have all of the instructions the jury received.

We find no error in the challenged jury instructions, based on the record provided. Therefore, we decline to disturb the jury's verdict.

### Costs and fees taxed against plaintiff

Finally, plaintiff contests the district court's order, entered pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, imposing on him certain costs incurred by defendant. Of the total $4,761.95 awarded, plaintiff objects to $2,113.59 for copies of

papers and $40.00 for a subpoena service fee, claiming the person served was a stranger to the litigation.

Federal law, not Oklahoma state law, controls the assessment of costs in this diversity case. Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996). The district court's award of costs is reviewed for an abuse of discretion. Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434 (10th Cir. 1990). 28 U.S.C. § 1920(1) & (4) authorize recovery by the prevailing party of marshal's fees and "copies of papers necessarily obtained for use in the case." Costs must be both "necessarily obtained" and reasonable. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir. 1988).

The district court reviewed de novo the clerk's order for costs, affirming the clerk's order, except for the expense for daily transcripts, which was disallowed. According to defendant, the challenged subpoena fee was for service on a representative of plaintiff's employer to obtain documents. We determine that the district court did not abuse its discretion in awarding the subpoena service fee.

Although the record does not make clear how the district court arrived at the total for the cost of copies, the district court apparently determined that the allowed copying costs were "reasonably necessary." See Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (noting a preference for "more explanation" of copying costs, but affirming district court's order to disallow copying costs as not "reasonably necessary").

Accordingly, we apply "the presumption favoring award of statutorily authorized costs,"
id., and conclude that the district court's costs award does not constitute an abuse of
discretion.

The judgment of the United States District Court for the Northern District of
Oklahoma is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge