Steven A. MARTIN, Plaintiff,

v.

STATE OF KANSAS, Defendant.

No. 97–2025–JWL.

United States District Court,
D. Kansas.

March 4, 1998.

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, for Plaintiff.

Lisa A. Mendoza, Edward F. Britton, Jr., Topeka, KS, for Defendant.

LUNGSTRUM, District Judge.

This matter is presently before the Court on defendant's motion for summary judgment (Doc. # 56) on plaintiff Steven A. Martin's Claim against the State of Kansas that the State's policy with respect to accommodating disabled employees violates the Americans with Disabilities Act (ADA). For the reasons set forth below, defendant's motion is granted.

*Background*

Plaintiff Steven A. Martin filed suit against the State of Kansas alleging various violations of the Americans with Disabilities Act (ADA) arising out of his employment with the Department of Corrections. The State moved for summary judgment on all but one of Mr. Martin's claims.[1] On February 3, 1998, the court issued a Memorandum and Order in which it granted the State's motion for summary judgment. *Martin v. State of Kansas,* 996 F.Supp. 1282 (D.Kan.1998).

Thus, the only remaining issue in this case is Mr. Martin's claim that the State's alleged policy of refusing to accommodate permanent disabilities violates the ADA. For the reasons set forth below, the State's motion for summary judgment is granted.[2]

*Summary Judgment Standard*

When considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.,* 54 F.3d 624, 628 (10th Cir.1995). A moving party that also bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.,* 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of

---

1. The State did not address Mr. Martin's claim with respect to the accommodation policy until after Mr. Martin raised the issue in his response brief. Accordingly, the court deferred ruling on the merits of the claim and allowed Mr. Martin to file a surreply in order to fully address the State's arguments with respect to the alleged policy. Mr. Martin has filed his surreply and the issue is now ripe for the court's consideration.

2. The facts relevant to the remaining claim are set forth in the court's Memorandum and Order of February 3, 1998.

proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* 477 U.S. at 250. Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

*Discussion*

In his remaining claim against the State, Mr. Martin alleges that the State has a policy of refusing to accommodate individuals with permanent disabilities. Specifically, Mr. Martin claims that the State requires employees to be free from all medical restrictions before permitting employees who have disabilities to return to work. The State maintains that Mr. Martin has failed to adduce sufficient evidence of any such policy or that the alleged policy violates the ADA. As set forth in more detail below, the court agrees with the State that Mr. Martin has failed to come forward with sufficient evidence of any such alleged policy.

Although the Tenth Circuit has not addressed the issue, several district courts have recognized that a blanket policy of requiring employees to be "100% healed" before returning to work is a per se violation of the ADA. *See, e.g., Hammer v. Board of Educ.,* 955 F.Supp. 921, 927 (N.D.Ill.1997); *Norris v. Allied–Sysco Food Servs., Inc.,* 948 F.Supp. 1418, 1437 (N.D.Cal.1996); *Heise v. Genuine Parts Co.,* 900 F.Supp. 1137, 1154 n. 10 (D.Minn.1995); *Hutchinson v. United Parcel Serv., Inc.,* 883 F.Supp. 379, 397 (N.D.Iowa 1995). *See also Trotter v. B & S Aircraft Parts & Accessories, Inc.,* Civ. A. No. 94–1404–FGT, 1996 WL 473837, *10 n. 1 (D.Kan. Aug.13, 1996) (recognizing without deciding that a "100% healed" policy may be a per se violation of the ADA). According to these courts, a "100% healed" policy is a per se violation of the ADA because it "does not allow for a case-by-case assessment of an individual's ability to perform the essential functions of the individual's job, with or without an accommodation." *Heise,* 900 F.Supp. at 1154 n. 10 (citing *Hutchinson,* 883 F.Supp. at 397); *Hammer,* 955 F.Supp. at 927. *But see Williams v. Avnet, Inc.,* 910 F.Supp. 1124, 1130 (E.D.N.C.1995) (policy barring employees from returning to work unless free of all restrictions can never be per se violation, because safety demands of some jobs require unrestricted performance abilities).

In light of the evidence set forth by Mr. Martin, however, this court need not decide whether a "100% healed" policy constitutes a per se violation of the ADA. In support of his claim, Mr. Martin first highlights the State's six-month light duty policy. Pursuant to the State's light duty policy, individuals with temporary disabilities are assigned to certain "light duty" posts depending on the nature of the individual's restrictions. According to Mr. Martin, if an individual is unable to submit a full release after six months, the State terminates the employee's employment.

The Court finds that the State's light duty policy falls far short of establishing a "100% healed" policy or a refusal to accommodate permanent disabilities. First, the State's light duty policy expressly applies only to those employees with temporary disabilities. Second, this court has already held that the State's refusal to provide permanent light duty assignments for disabled employees is not a violation of the ADA. *Martin v. State of Kansas,* 996 F.Supp. 1282 (D.Kan.1998). *See also Nguyen v. IBP, Inc.,* 905 F.Supp. 1471, 1485–86 (D.Kan.1995) (permanent assignment to light duty position not a reasonable accommodation under ADA where employer treated such positions as temporary). In short, the State's light duty policy in no way suggests a refusal to accommodate employees with permanent disabilities.

The only other evidence Mr. Martin offers in support of his claim is that the State terminated his employment because he was unable to provide a full medical release. This evidence also fails to establish a per se violation of the ADA. The circumstances surrounding Mr. Martin's termination wholly fail to demonstrate that the State had a blanket policy requiring all employees to be "100% healed" before returning to work. Rather, the circumstances surrounding Mr. Martin's termination simply demonstrate that the State required him to be able to perform the essential functions of the corrections officer position, with or without accommodation.[3]

In short, the record is devoid of any evidence that the State has a "100% healed" policy or a policy of refusing to accommodate individuals with permanent disabilities.[4] To the contrary, the evidence simply demonstrates that the State requires an employee to be able to perform the essential functions of his or her position with or without accommodation—a requirement imposed by the ADA itself. *See* 42 U.S.C. § 12111(8) (defining a "qualified individual with a disability" as an individual with a disability who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."). Accordingly, the State's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (Doc. # 56) is granted with respect to plaintiff's Claim that the State's alleged accommodation policy violates the ADA and the case is dismissed in its entirety.

**IT IS SO ORDERED.**

---

**3.** In light of the State's assessment of Mr. Martin's ability to perform the essential functions of the corrections officer position, it is questionable whether Mr. Martin would be entitled to any relief even if the court found a per se violation. *See Hutchinson v. United Parcel Serv., Inc.,* 883 F.Supp. 379, 398 (N.D.Iowa 1995) (no relief for per se violation of ADA where plaintiff "has not been subjected to a 'blanket exclusion,' but has

received, as the ADA requires, an individualized assessment of her capacity to perform the essential functions of her job.").

**4.** Warden McKune also testified that the State accommodates individuals with permanent disabilities and that such individuals are employed in a variety of positions at the Lansing facility.