**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THERESA L. KOSAK,

　　　　　Plaintiff - Appellant,

　　v.

CATHOLIC HEALTH INITIATIVES OF
COLORADO,

　　　　　Defendant - Appellee.

No. 09-1526
(D. Ct. No. 1:08-CV-01505-CMA-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

---

　　Theresa L. Kosak appeals from the district court's grant of summary judgment in favor of Catholic Health Initiatives of Colorado ("CHI") on her claim of discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The district court found that Ms. Kosak failed to produce sufficient evidence to establish a prima facie case of discrimination. We take jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On February 1, 2007, Leah Willey became director of the Patient Access Department at St. Mary-Corwin Medical Center ("SMC"), which is owned and operated by CHI. Ms. Willey was told by SMC's Chief Financial Officer to take whatever action was necessary to clean up the department and make sure it was running effectively and properly, including terminating employees if necessary.

Within a week of her hiring, Ms. Willey received several complaints about Ms. Kosak. Ms. Kosak was a financial counselor in the Patient Access Department and had been employed at SMC for twenty-six years. As a result of the complaints, Ms. Willey began investigating Ms. Kosak, speaking to current and former employees and doctors. Ms. Willey reviewed all of the statements with the Human Resources Department, including Human Resources Director Rudy Krasovec. Eventually, Ms. Willey and Mr. Krasovec sat down with Ms. Kosak to discuss the allegations. They did not, however, provide Ms. Kosak with specific complaints, and they did not ascertain whether the complaints were in fact true.

After the meeting, Ms. Willey placed Ms. Kosak on administrative leave pending conclusion of the internal investigation. On April 6, 2007, Ms. Kosak's employment with SMC was terminated. The termination letter from Mr. Krasovec informed her, "we have determined that your behavior and how you treat others in the department is unacceptable." At the time of termination she was forty-nine years old. It is undisputed that she was replaced by a woman of her same age.

On May 27, 2008, Ms. Kosak filed suit against CHI in state court alleging age discrimination; violations of the Family Medical Leave Act, Health Insurance Portability and Accountability Act, and public policy; invasion of privacy; and breach of contract. CHI later removed the suit to federal court. On May 15, 2009, Ms. Kosak moved for partial summary judgment on her ADEA claim. CHI filed a cross motion for summary judgment on all claims. On October 28, 2009, the district court granted summary judgment to CHI on all of Ms. Kosak's claims. Ms. Kosak now appeals, asserting error only in the district court's grant of summary judgment on her ADEA claim.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008). We view the facts, and all reasonable inferences those facts support, in the light most favorable to the nonmoving party. *Id.* Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Ms. Kosak has not put forth any direct evidence of discrimination; therefore, we evaluate her ADEA claim using the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Jones v. Oklahoma City Pub. Schools*, – F.3d –, 2010 WL 3310226, at *4–*5 (10th Cir. 2010) (upholding the continued applicability of *McDonnell Douglas* to ADEA claims after *Gross v. FBL Fin. Servs., Inc.*,

– U.S. –, 129 S. Ct. 2343 (2009)).  Under this framework, the plaintiff must initially establish a prima facie case of discrimination.  *McDonnell Douglas*, 411 U.S. at 802.  If the plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action.  *Id.*  "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  If a plaintiff fails to establish a prima facie case, however, the court need not reach the second and third steps and may grant summary judgment in favor of the defendant.  *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008) ("In the absence of facts tending to establish this initial inference, plaintiff is not entitled to the presumption of discrimination and a defendant is not required to defend against the charge.").  Because Ms. Kosak cannot establish a prima facie case under the ADEA, we do not address the second or third stages of the *McDonnell Douglas* framework.

In order to establish a prima facie case of discrimination under the ADEA, a plaintiff must ordinarily prove that: (1) she is within the protected age group; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position was filled by a younger person.  *Rivera v. City & Cty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004).  Here, the parties agree, and the district court found, that Ms. Kosak has proven the first and third elements of her prima facie case.  The district court also found the second

- 4 -

element, whether Ms. Kosak was doing satisfactory work, to be a contested material fact not properly determined on summary judgment. Nevertheless, the district court granted summary judgment in favor of CHI because it is undisputed that the woman who replaced Ms. Kosak was the same age as Ms. Kosak and thus the fourth element was lacking.

On appeal, Ms. Kosak does not argue that she put forth evidence that she was replaced with a younger person. Instead, she contends that neither the Supreme Court nor this court requires a showing that the position was filled with a younger person. We have repeatedly emphasized that an ADEA plaintiff must ordinarily show that her position was filled by a younger person in order to make a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework. *See, e.g.*, *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 558 (10th Cir. 1996) (citing Tenth Circuit cases requiring proof that "a younger person replace" the plaintiff). Indeed, we have refused to address the extent to which there may be "extraordinary" situations when a plaintiff could prove a prima facie case without such a showing.[1] *See Greene*, 98 F.3d at 559–60 (declining to reach the issue because the

---

[1] We have also recognized a different formulation of the fourth element when dealing with reduction-in-force discrimination cases under the ADEA. *See Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995). In such cases, a plaintiff can satisfy the fourth element "by producing evidence, circumstantial or direct, from which a fact-finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue" or that the employer treated the plaintiff "less favorably than younger employees." *Id.* While a reduction-in-force is the most obvious example of the need for a different formulation of the fourth element of a prima facie claim, there may be other circumstances that similarly require the reformulation of that element. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 n.8 (10th Cir. 2007) (noting, in Title VII case, that "the fourth element of a [*McDonnell Douglas*] prima facie case is a flexible one

plaintiff had produced sufficient evidence of discrimination without relying on the *McDonnell Douglas* framework); *see also Adamson*, 514 F.3d at 1147 (summarizing *Greene* in those terms). We need not address that question here because there was no evidence of any such extraordinary circumstances presented in this case.

Additionally, it is irrelevant whether, as Ms. Kosak contends, SMC's stated reasons for her termination are pretextual. Ms. Kosak points to the inconsistency between her history of good performance reviews and the allegations against her. She also contends that the investigation of her was a sham because she was not informed of the specific accusations against her, was never allowed to give her side of the story, and was not given the benefit of a performance improvement plan. But without sufficient evidence to establish a prima facie case of discrimination, the district court was under no obligation to consider the legitimacy of SMC's reasons for firing Ms. Kosak. Moreover, the facts Ms. Kosak alleges do not raise an inference that she was discriminated against because of her age. *See Adamson*, 514 F.3d at 1151 (noting that pretext evidence may be used to "support a prima facie case if it indeed gives rise to an inference of actionable discriminatory intent"); *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419 (10th Cir. 1993) ("The ADEA protects individuals from age discrimination[;] it does not protect individuals from other forms of alleged employer misconduct.").

Accordingly, the district court properly granted summary judgment in favor of CHI on Ms. Kosak's claim of unlawful discrimination under the ADEA.

---

that can be satisfied differently in varying scenarios") (quotation omitted).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge