**Elinore McELHINNEY,**

v.

**QUEST DIAGNOSTICS, INC.**

**Civil Action No. 99–2109.**

United States District Court,
E.D. Pennsylvania.

May 22, 2001.

Timothy M. Kolman, Marc E. Weinstein, Timothy M. Kolman and Associates, Langhorne, PA, for plaintiff.

Peter L. Frattarelli, Melissa Wheatcroft, Archer and Greiner, P.C., Haddonfield, NJ, for defendant.

Timothy M. Kolman, Marc E. Weinstein, Timothy M. Kolman and Associates, Langhorne, PA, for plaintiff.

Peter L. Frattarelli, Melissa Wheatcroft, Archer and Greiner, PC, Haddonfield, NJ, for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are Defendant's Motion for Summary Judgment and Brief is Support of Motion for Summary Judgment (Docket No. 13), Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Docket No. 16) and Defendant's Reply Brief in Support of its Motion for Summary Judgment (Docket No. 18). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Elinore McElhinney ("Plaintiff") was employed by Quest Diagnostics, Inc. ("Defendant") in June of 1988 as an account representative. *See* Compl. ¶ 12. On January 6, 1998, Defendant terminated Plaintiff's employment. *See id.* ¶ 13. Plaintiff alleges that the termination of her employment violated the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). *See id.* ¶¶ 22–25, 26–31.[1]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323,

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Ultimately, the moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325, 106 S.Ct. 2548. Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *See id.* at 324, 106 S.Ct. 2548. A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *See id.*

When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmovant. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992). Moreover, a court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. *See id.* Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *See Trap Rock Indus., Inc. v. Local 825,* 982 F.2d 884, 890 (3d Cir.1992). The court's inquiry at the summary judgment stage is the threshold inquiry of determining whether there is need for a trial, that is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

---

1. Count II of Plaintiff's Complaint was dismissed on October 6, 1999 on the grounds that age discrimination is not actionable un-

der § 1981a. *See* Court's Order, October 6, 1999.

that one party must prevail as a matter of law. *See Anderson,* 477 U.S. at 250–52, 106 S.Ct. 2505. If there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of plaintiff, that is enough to thwart imposition of summary judgment. *See id.* at 248–51, 106 S.Ct. 2505.

### A. *Plaintiff's ADEA Claim*

Count I of Plaintiff's Complaint alleges Defendant violated the ADEA. *See* Pl.['s] Compl., ¶ 23–25. In *McDonnell Douglas Corp. v. Green,* the United States Supreme Court created a special scheme for structuring the presentation of evidence in discriminatory treatment cases under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–1 et seq. 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Third Circuit has applied a slightly modified version of this scheme in ADEA cases. *See, e.g., Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108–113 (3d Cir. 1997); *Waldron v. SL Industries Inc.,* 56 F.3d 491, 494–95 (3d Cir.1995); *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir.1995); *Torre v. Casio, Inc.,* 42 F.3d 825, 829–30 (3d Cir.1994); *Healy v. New York Life Ins. Co.,* 860 F.2d 1209, 1214 (3d Cir.1988).

The *McDonnell Douglas* scheme has three steps. First, the plaintiff must produce evidence that is sufficient to convince a reasonable factfinder to find all of the elements of a prima facie case. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407, (1993). When the plaintiff alleges unlawful discharge based on age, the prima facie case requires proof that (i) the plaintiff was a member of the protected class, i.e., was 40 years of age or older (*see* 29 U.S.C. § 631(a)), (ii) that the plaintiff was discharged, (iii) that the plaintiff was qualified for the job, and (iv) that the plaintiff was replaced by a sufficiently younger person to create an inference of age discrimination. *See Sempier,* 45 F.3d at 728.

If the plaintiff offers sufficient proof of these elements, step two is reached. The burden of production, but not the burden of persuasion, shifts to the defendant, who must then offer evidence that is sufficient, if believed, to support a finding that it had a legitimate, nondiscriminatory reason for the discharge. *Hicks,* 509 U.S. at 506–07, 113 S.Ct. 2742. If the defendant cannot satisfy this burden, judgment must be entered for the plaintiff. *Id.* at 509, 113 S.Ct. 2742.

On the other hand, if the defendant employer meets this burden, the presumption of discrimination arising from the prima facie case "simply drops out of the picture." *Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742 (1993). " 'At the summary judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e. unworthy of belief.' " *Marx v. Schnuck Markets, Inc.,* 76 F.3d 324, 327 (10th Cir.1996).

The court must determine whether the evidence, interpreted in the light most favorable to the plaintiff, "could persuade a reasonable jury that the employer had discriminated against the plaintiff." *Jones v. Unisys Corp.,* 54 F.3d 624, 632 (10th Cir.1995). "If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate." *Id.* The plaintiff at all times bears the "ultimate burden of persuasion." *See St. Mary's Honor Center,* 509 U.S. at 511, 113 S.Ct. 2742.

The plaintiff may then survive summary judgment law by submitting sufficient evidence from which a factfinder could reasonably either (1) disbelieve the

employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994); *see also Palmisano v. Electrolux*, LLC, Civ.A. 99–426, 2000 WL 1100785, *5 (E.D. Pa. Aug 7, 2000).

In this Motion, the Court finds it unnecessary to consider step one of the *McDonnell Douglas* scheme because for the purposes of this Motion, Defendant does not dispute that Plaintiff has met her prima facie case. *See* Def.['s] Brief in Support of Mot. for Summ. J., 27, n.4.

■ Defendant's burden at step two is relatively light. *See Fuentes*, 32 F.3d at 763. It is satisfied if Defendant articulates any legitimate reason for the discharge. *See id.* Defendant need not prove that the articulated reason actually motivated the discharge. *Id.* at 763. The Court finds that Defendant has proffered a legitimate, non-discriminatory explanation for it's termination of Plaintiff's employment. *See* Defs.['s] Brief, 5–13. At this point, the presumption of discrimination drops from the case. *Id.* To prevail at trial, the plaintiff must convince the factfinder "both that the reason was false, and that discrimination was the real reason." *Hicks*, 509 U.S. at 512, 113 S.Ct. 2742. Under prong two of the *Fuentes* test, Plaintiff must identify evidence in the summary judgment record that "allows the fact finder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *See Keller*, 130 F.3d at 1111; *Fuentes*, 32 F.3d at 762. In other words, under this prong, Plaintiff must. point to evidence that proves age discrimination in the same way that critical facts are generally proved—based solely on the natural probative force of the evidence. *See Keller*, 130 F.3d at 1111.

■ Plaintiff in this case provided sufficient evidence that would allow the fact finder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.

There is evidence that in the Spring of 1995, Mark Kehoe ("Kehoe"), Plaintiff's supervisor in 1995, allegedly made comments during a lunch that suggested Plaintiff was getting too old to continue doing her job. *See* Pl.['s] Depo., at 33. During this lunch, Kehoe also allegedly made statements that indicate Kehoe preferred "sharp, young ladies [that] had been out of college only a few years" that had the "professional look." *See id.* 33–34. Other evidence indicates that Kehoe also allegedly told another employee that "the 'company is changing' and that 'the Barbie look' is in." *See* Nov. 15, 2000 Aff. of Barbara Durkalec. Plaintiff also provides evidence that the day after she complained to a General Manager about an unannounced interrogation by Kehoe, Plaintiff allegedly overheard David Willard ("Willard,") Kehoe's supervisor, state to Kehoe that "I don't care what you have to drum up on her, get whatever you can. We have to get rid of her." *See id.* 90–91. Although Plaintiff cannot state definitively whether she was the subject of the statement, she believes she was because the statement was made the day after her complaint. *See id.*

Plaintiff also puts forth evidence that Kehoe did not hold a younger female account representative to the same standard as Plaintiff, also an account representative. Norma Del Viscio ("Del Viscio"), who also worked for Kehoe during 1995 and 1996, testified that Julie Williams, a young woman with whom she worked, performed her job below par. *See* Depo. of Norma Del Viscio, at 57. Del Viscio indicated that

Kehoe knew of her performance problems, but took no action. *See id.* at 58. Del Viscio also testified that Kehoe was less demanding with Sue Pecora, another employee who performed poorly. *See id.* at 62.

■ In addition, Plaintiff provides further evidence from which a reasonable fact finder could infer age discrimination. Kehoe, while District Sales Manager from 1996 to 1997, distributed laptop computers to his sales and service staff. *See* Pl.[s'] Depo. at 72. Plaintiff testified that Kehoe said that Plaintiff "would not even know how to turn it on." *See id.* at 72–73. Defendant retorts that this comment makes no reference to age and suggests nothing of age discrimination. *See* Defs.['s] Brief, at 22. The Court notes, however, that people often use code words when making discriminatory remarks. *See e.g. Futrell v. J.I. Case,* 38 F.3d 342, 348 (7th Cir.1994). Looking at the evidence in the light most favorable to Plaintiff, Kehoe's comments may well fit this category.

■ Defendant asserts that remarks allegedly made by Plaintiff's supervisor were "temporally remote from the adverse employment action" and that they are insufficient to support a discrimination claim. Although a discrimination claim based on remarks made in 1995 and 1996 may be time-barred, the Third Circuit has rejected the notion that the events surrounding an adverse employment action are not relevant evidence which a plaintiff could use at trial. *See Stewart v. Rutgers, The State Univ.,* 120 F.3d 426, 433 (3d Cir.1997); *United Air Lines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) ("A discriminatory act which is not made the basis for timely charge is the legal equivalent of discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in proceeding in which the status of current practice is at issue, but separately considered, it is merely unfortunate event in history which has no present legal consequences.").

Defendant contends that the alleged comments, that suggested Plaintiff was too old for her job, came from a non-decision maker or at a minimum, a decision maker unrelated to the specific process resulting in Plaintiff's layoff. *See* Defs.['s] Brief, at 20. Defendant notes that although Kehoe was Plaintiff's supervisor at the time the comments were made, he was not her supervisor in January 1998 when her employment was terminated. *See id.* Defendant asserts that at the time Plaintiff was fired, Patricia Cathcart ("Cathcart") was Plaintiff's supervisor for nearly a year. Also, Defendant contends that Kehoe had no direct involvement in responding to the performance issues that indirectly led to Plaintiff's layoff. *See id.*

Although Defendant cites ample case law in its Brief to support its assertion that a non-decision maker's stray remarks are inadequate to create an inference of discrimination, Plaintiff offers evidence that indicates that Kehoe continued dealing with Plaintiff's complaints of discrimination throughout 1997, the time period that Defendant contends Cathcart, rather than Kehoe, was Plaintiff's supervisor. *See Chronological Record Maintained by Randy Manuel.* Jacquelyn Radford ("Radford"), an employee of Defendant, testified that Kehoe was involved in Plaintiff's "case" and that his involvement was not typical. *See* Depo. of Jacquelyn Radford, at 45–46. Kehoe also collaborated in the draft of the disciplinary memorandum sent to Plaintiff dated May 13, 1997 and actually typed the last paragraph of page one himself. *See Draft # 1 of Memo. from Pat Cathcart to Elinore McElhinney dated May 13, 1997.* Plaintiff further offer's

evidence that Kehoe decided that he should be forwarded e-mail messages that involved Plaintiff. *See E-mail from Mark Kehoe to Jackie Radford and Randy Manuel, May 14, 1997.*

Taking the facts as a whole, there is sufficient evidence in the record for a reasonable jury to believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employers action.

Because Federal courts treat PHRA claims as coextensive with the ADA, the Court's holding above will apply to Plaintiff's PHRA claim in Count III of her Complaint. *See Kelly v. Drexel Univ.* 94 F.3d 102, 105 (3d Cir.1996).

An appropriate Order follows.

### *ORDER*

AND NOW, this 22nd day of May, 2001, upon consideration of Defendant's Motion for Summary Judgment and Brief is Support of Motion for Summary Judgment (Docket No. 13), Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Docket No. 16) and Defendant's Reply Brief in Support of its Motion for Summary Judgment (Docket No. 18), IT IS HEREBY ORDERED that:

1. Defendant's Motion for Summary Judgment on Count I of Plaintiff's Complaint is **DENIED;** and

2. Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint is **DENIED.**