**Albert SCHMIDT and Sandy Bond on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Defendant.**

**No. 00–C–1093.**

United States District Court, E.D. Wisconsin.

July 8, 2004.

Kurt C. Kobelt, Lawton & Cates, Madison, WI, for Plaintiffs.

Michael Anfang, Office of Regional Counsel, Kansas City, MO, Michael T. Newman, Office of the District Counsel, Susan M. Knepel, United States Department of Justice, Office of the US Attorney, Milwaukee, WI, for Defendant.

Thomas J. Cunningham, Drexel Hill, PA, pro se.

## ORDER

STADTMUELLER, District Judge.

■ Before the court are the plaintiffs' motion to supplement their complaint and the defendant's motion for reconsideration of this court's decision dated September 30, 2003. The court will first address the motion to supplement. After carefully considering the briefs submitted by the parties, the court concludes it would be inappropriate and unjust to permit the plaintiffs to supplement their complaint. The plaintiffs have known about these supplemental allegations since 2001. The plaintiffs *chose* not to add these allegations to their complaint because they were primarily interested in suing the defendants as class representatives. When the plaintiffs made this choice, they knew the law was *uncertain* as to whether they were required to show actual damages to recover statutory damages under the Privacy Act, and they therefore accepted the risk that the Supreme Court might ultimately rule against the legal basis for their class action. The fact that the Supreme Court *did* rule against the legal basis for their class action does not now give the plaintiffs the right to reverse their course, supplement their complaint, and raise a new host of allegations. Moreover, the time for supplementing pleadings in this case has long since passed. The final pretrial report is due at the end of this month, and trial is set to begin on September 7, 2004. Given this posture, the defendant simply would not have enough time to marshal an adequate defense against these new allegations.

■ The court will next address the defendant's motion for reconsideration. After carefully considering the briefs submitted by the parties, the court concludes this action should be dismissed in light of the Supreme Court's recent decision in *Doe v. Chao,* 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004). In *Chao,* the Supreme Court made it clear that a plaintiff cannot recover under the Privacy Act unless she shows "actual damages" within the meaning of 5 U.S.C.

§ 552a(g)(4). The term "actual damages" means only a pecuniary loss and does not include emotional distress. This is the reasoned conclusion of two of the three circuit courts to have considered the meaning of "actual damages." *Hudson v. Reno*, 130 F.3d 1193, 1207 & n. 11 (6th Cir.1997); *Fitzpatrick v. IRS*, 665 F.2d 327, 329, 331 (11th Cir.1982). Moreover, the Privacy Act is a limited waiver of sovereign immunity, and to the extent there may be ambiguity concerning whether the term "actual damages" includes emotional distress as well as a pecuniary loss, the ambiguity must be resolved by construing the term narrowly. *See, e.g., Dep't of Energy v. Ohio*, 503 U.S. 607, 626–27, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992) (interpreting terms "sanctions" and "civil penalties" under a "rule of narrow construction").

The plaintiffs did not offer evidence to show they suffered a pecuniary loss at the summary judgment stage, and therefore, they did not show they suffered actual damages within the meaning of § 552a(g)(4). Because *Chao* explicitly requires a plaintiff to show actual damages to recover under the Privacy Act, the court is obliged to reconsider its partial denial of the defendant's motion for summary judgment and fully grant the motion.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to supplement their complaint (Docket # 129) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the defendant's motion for reconsideration (Docket # 125) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket # 62) be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that the plaintiffs' action be and the same is hereby **DISMISSED** with prejudice.