FILED
United States Court of Appeals
Tenth Circuit

December 28, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ANITA LUSTER,

       Plaintiff-Appellant,

v.

TOM VILSACK, Secretary, United
States Department of Agriculture,

       Defendant-Appellee.

No. 11-1013
(D.C. No. 1:08-CV-02399-PAB-KMT)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

The Appellee has filed a motion to publish the order and judgment

previously issued on December 1, 2011. The motion is GRANTED. The

published opinion is filed nunc pro tunc to that date, and a copy is attached.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

December 1, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ANITA LUSTER,

      Plaintiff-Appellant,

v.

TOM VILSACK, Secretary, United States Department of Agriculture,

      Defendant-Appellee.

No. 11-1013

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
(D.C. No. 1:08-CV-02399-PAB-KMT)

---

Submitted on the briefs:[*]

Marisa L. Williams, Rhonda Rhodes, Williams & Rhodes LLP, Englewood, Colorado, for Plaintiff-Appellant.

John F. Walsh, United States Attorney, Michael C. Johnson, Assistant United States Attorney, Denver, Colorado, for Defendant-Appellee.

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**ANDERSON**, Circuit Judge.

Anita Luster, an employee of the United States Forest Service, appeals from the district court's entry of summary judgment in favor of the Secretary of the United States Department of Agriculture, on her claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and violations of the Privacy Act, 5 U.S.C. § 552a(b). We have reviewed the district court's opinion and order de novo under the standards set forth in Rule 56 of the Federal Rules of Civil Procedure and affirm.

Luster, a full-time Visitor Information Specialist (VIS) with the Forest Service, claims that (1) she was not selected for a Forestry Technician position because of her gender; (2) she suffered disparate work conditions because of her gender and in retaliation for her Equal Employment Opportunity (EEO) discrimination complaint, and (3) a Forest Service attorney inappropriately disclosed her EEO complaint information in violation of the Privacy Act. We commend the district court for its thorough and well-reasoned order granting the Secretary's motion for summary judgment and adopt and incorporate by reference its lengthy recitation of the background facts pertaining to Luster's claims. *See Luster v. Vilsack*, No. 08-CV–02399-PAB-KMT, 2010 WL 5070933, at *1-*3 (D. Colo. Dec. 6, 2010).

*Non-Selection Claim.* The district court ruled that Luster established a prima facie discrimination claim as to her non-selection for the Forestry Technician position. Once a plaintiff meets this burden, the burden shifts to the defendant to articulate legitimate, non-discriminatory reasons for its employment decision. *Stover v. Martinez*, 382 F.3d 1064, 1070-71 (10th Cir. 2004). If the defendant does so, the burden then shifts to the plaintiff to present evidence that the defendant's stated reason for its action is a pretext for discrimination. *Id*. at 1071.

The Forest Service's articulated justification for not selecting Luster is that it excluded all applicants below a certain pay-scale level–which excluded Luster–and selected the most qualified from the remaining candidates. In conducting an initial review of the applicants, Forest Service official Bauer made the decision to exclude all GS-7 referral list candidates. Bauer testified he did so because he believed the GS-8 and GS-9 applicants would have more experience and skill than GS-7 applicants and would not require supervision. Luster's name appeared only on the GS-7 referral list. Bauer narrowed the list of remaining GS-8 and GS-9 candidates to a subset for review by an evaluation panel. The evaluation panel selected a woman and two men as the three finalists. Bauer interviewed these finalists. The woman candidate withdrew her application thereafter. Bauer forwarded the names of the remaining candidates to Forest Service official Crespin. Crespin recommended one of the two men, Jeffrey

Wingate, to Forest Service official Leaverton. Leaverton accepted Crespin's recommendation of Wingate, who was selected as the Forestry Technician.

The district court ruled that the Forest Service had presented two legitimate, non-discriminatory reasons for not selecting Luster. First, Crespin and Leaverton believed that Wingate was the most qualified candidate. Second, Bauer only considered and forwarded to Crespin and Leaverton applicants from GS-8 and GS-9 referral lists, thus, Crespin and Leaverton never considered Luster's application. The district court ruled that Luster presented no evidence of pretext and that no rational juror could conclude that the Forest Service's decision to consider only applicants from the GS-8 and GS-9 referral lists was pretext for gender discrimination. The district court noted that Luster did not present any evidence that there were more female applicants on the GS-7 referral list than the GS-8 and GS-9 referral lists and noted that one of the finalists selected was a female. The district court ruled that it need not consider the Forest Service's other proferred explanation–that Wingate was the best candidate–because Luster had failed to show that the Forest Service's referral-list justification was pretextual. Accordingly, it granted summary judgment in favor of the Forest Service on Luster's non-selection discrimination claim.

On appeal, Luster contends that the district court erred in its analysis of her pretext evidence. A plaintiff may show pretext "by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in

-4-

the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007) (internal quotation marks omitted).

Luster first contends the district court erred in concluding that the Forest Service proffered only two reasons for its selection decision. She contends it offered a "plethora" of reasons and that offering a plethora of reasons, in and of itself, constitutes evidence of pretext. Opening Br. at 25. The record does not support Luster's assertion that the Forest Service proffered more than two legitimate, non-discriminatory reasons. The portions of the record she cites in support of her contention are to descriptions of the process by which the officials evaluated the GS-8 and GS-9 candidates; they do not support her contention that officials proffered more than two reasons. Further, Luster did not argue before the district court either that the Forest Service had offered more than two legitimate, non-discriminatory reasons for its selection decision or that doing so constituted evidence of pretext. *See* Aplt. App., Vol. I at 183-86. Accordingly, we would not address this pretext argument for the first time on appeal even if the record supported Luster's contention. *See Curtis v. Chester*, 626 F.3d 540, 548 (10th Cir. 2010).

Next, Luster contends the district court erred in ruling she had to demonstrate that each of the Forest Service's proffered reasons were pretextual. *See* Aplt. App., Vol. II at 482 ("The Court need not consider plaintiff's arguments regarding defendant's first justification . . . because plaintiff's evidence is insufficient to create an inference of pretext as to defendant's second justification."). Both the district court and Luster cite *Bryant v. Farmers Insurance Exchange*, in which this court held that, "[a]s a general rule, an employee must proffer evidence that shows each of the employer's justifications is pretextual," but noted that "when the plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility." 432 F.3d 1114, 1126 (10th Cir. 2005) (internal quotation marks omitted). Luster contends the district court erred because the Forest Service threw out a "bagful" of reasons. Opening Br. at 26 (internal quotation marks omitted). As noted above, however, the Forest Service only proffered two legitimate, non-discriminatory reasons for its selection decision, not a 'bagful' or a 'plethora.'

Assuming for the sake of argument that two reasons constitutes "multiple" reasons, we will briefly consider Luster's pretext arguments as to the proffered reason that Crespin and Leaverton believed Wingate to be the most qualified applicant. Luster presented evidence that an initial certification report of the candidates given to Bauer included a notation that Wingate was qualified but

should not be considered. She contends this is evidence that Wingate was not the most qualified and, therefore, this justification is pretextual. All of the Forest Service officials testified they were unaware of this notation, however, and Luster did not present any evidence to dispute their testimony; she merely asserts that they should not be believed. "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear *to the person making the decision*" not "the plaintiff's subjective evaluation of the situation." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1044 (10th Cir. 2011) (emphasis in original; internal quotation marks and citation omitted). Luster's "mere conjecture that the employer's explanation is pretext is insufficient to defeat summary judgment." *Id.* (internal quotation marks and citation omitted). The Forest Service officials articulated the successful candidate's relative abilities with reasonable specificity, namely that Wingate was aware of how important relationships were with small communities, was more willing to deal with local community organizations, and had broader experience in more resource programs. "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (internal quotation marks omitted).

Luster also contends that Bauer and Crespin made statements about the selection process that demonstrate the first justification is pretextual. Crespin

testified that his first choice for the position was the woman who withdrew her name after the interview. Luster contends that Crespin's statement is a lie because he did not make it until after she filed her discrimination claim and because Bauer only gave Crespin the names of two male finalists. But Crespin's stated preference for a female candidate who later withdrew, regardless of when he made this statement, is simply not relevant to whether Crespin and Leaverton believed that Wingate was the most qualified of the *remaining* candidates; thus, it does not demonstrate pretext. Luster also contends that other statements by Bauer and Crespin demonstrate pretext, but because Luster did not make these arguments to the district court, *see* Aplt. App., Vol. I at 183-86, we will not consider them for the first time on appeal. In summary, based on our de novo review of the record, we cannot conclude that Luster cast "substantial doubt on many of the employer's multiple reasons." *Bryant*, 432 F.3d at 1126. We further find no error in the district court's decision to grant summary judgment based only on Luster's failure to show the second justification was pretextual. *See Jaramillo v. Colo. Judicial Dept.*, 427 F.3d 1303, 1312 (10th Cir. 2005) ("the burden remains on the plaintiff to show that each reason given by the employer is unworthy of credence.").

Luster next argues that the Forest Service's decision to ignore the GS-7 applicants is evidence of pretext because the Forest Service was aware that women are generally under-represented in the Forest Service's work force. The

-8-

district court ruled that this evidence of gender disparity could not, by itself, establish pretext. It did not err in ruling this evidence did not create an inference of discrimination. We have held that "[s]tatistics taken in isolation are generally not probative of . . . discrimination," *Jones v. Unisys Corp.*, 54 F.3d 624, 632 (10th Cir. 1995), and statistical evidence on its own "will rarely suffice to show pretext," *Ortiz v. Norton*, 254 F.3d 889, 897 (10th Cir. 2001) (internal quotation marks omitted). In order to be probative of discrimination, statistical evidence must "eliminate nondiscriminatory explanations for the disparity." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1147 (10th Cir. 2009) (holding that non-contextual statistics of gender disparities in the workplace do not raise a genuine issue of material fact that such a condition is the result of gender discrimination, or that such gender discrimination was responsible for the alleged employment action). Because Luster did not eliminate nondiscriminatory reasons for any gender disparity in the Forest Service's workplace, these statistics are "nearly meaningless." *Id.* Indeed, Luster did not even show that excluding candidates from the GS-7 referral list somehow disadvantaged women applicants.

In summary, we conclude that the district court did not err in its pretext analysis of Luster's non-selection discrimination claim. We affirm its summary judgment dismissal of that claim.

*Disparate Treatment Claim.* Although Luster's permanent job was as a VIS, she occasionally performed other temporary assignments, sometimes with a

temporary increase in pay. In May 2006, Luster requested another temporary promotion, but Crespin denied her request. That summer, Crespin moved Luster from the front desk, placing another female employee there, and assigned Luster to a cubicle. Crespin also assigned Luster to field duties with four ten-hour work days each week.

Luster alleged that these actions–denying her request for a temporary promotion, assigning her to field duties, and moving her from the front desk to a cubicle, constitute gender-based disparate treatment. The Forest Service proffered a legitimate, non-discriminatory reason for the change in Luster's assignment in the summer of 2006. Crespin testified that he was informed in early 2005 that Luster would be temporarily assigned to Leadville for the summer of 2005 and the summer of 2006. Based on this understanding, when he made his staffing plans for 2006, he scheduled another employee to do Luster's VIS work for 2006. Crespin testified that in February 2006, days before his final budget and staffing plans for 2006 were due, Luster informed him that she did not want to return to the temporary summer assignment in Leadville. With only days to finalize his budget and staffing, Crespin testified that he decided to assign Luster field duties for the 2006 summer.

To establish a prima facie disparate treatment claim, a plaintiff must present evidence that (1) she belongs to a protected class; (2) she suffered an adverse employment action; and (3) the adverse action occurred under

-10-

circumstances giving rise to an inference of discrimination. *See E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).[1] One method by which a plaintiff can demonstrate an inference of discrimination is to show that the employer treated similarly situated employees more favorably. *Id*. at 800-01.

The district court assumed for the sake of argument that the actions Luster complained of constituted adverse employment actions. But it held that Luster did not demonstrate a prima facie case because she presented no evidence these actions occurred under circumstances giving rise to an inference of discrimination. The district court ruled that Luster's only evidence that the Forest Service took these actions as a result of her gender was evidence of a nationwide statistical disparity between male and female Forest Service employees. The court ruled that no rational juror could infer from this evidence that the Forest Service's actions were motivated by Luster's gender. Thus, it granted summary judgment on this claim.

On appeal, Luster contends the district court ignored other evidence giving rise to an inference of discrimination. Luster cites to evidence that the Forest

---

[1] We noted in *PVNF* that "[t]here exists some tension in our case law regarding what a plaintiff must establish as part of his or her prima facie case of discrimination. Some cases treat circumstances suggestive of discrimination as an element of a prima facie case; other cases treat the surrounding circumstances as part of the analytically subsequent inquiry into the employer's stated reason for the challenged action and the plaintiff's opposing demonstration of pretext." *PVNF*, 487 F.3d at 800 n.5.

Service had allowed her temporary promotions with increased pay in the past, and argues that this change to the Forest Service's prior practice is sufficient to give rises to an inference of discrimination. Luster did not make this argument before the district court, *see* Aplt. App., Vol. I at 187-89; thus, we will not consider it for the first time on appeal.

Luster also contends that Crespin's proffered justification for assigning her field work for the 2006 summer is not worthy of credence because she was a full-time VIS, thus, Crespin had no reason to scramble to cobble together work for her that summer. But Crespin's testimony is undisputed that he believed Luster would be in Leadville during the summer of 2006 and had not made budget or staffing plans for her to do her VIS job that summer. Luster has presented no evidence that Crespin's justification is not worthy of credence.

Finally, Luster contends the district court failed to consider her evidence that a female Forest Service employee, Hulsey, alleged that after she reported a claim of sexual harassment, Crespin asked her to come in early and work late each day and denied her hazard and overtime pay. Without more, this evidence is insufficient to permit an inference of discrimination. She states that she and Hulsey had to fight for the higher pay men routinely received for similar work, but she neither argued this below, *see* Aplt. App., Vol. I at 189, nor provided any evidentiary support for this assertion. Luster presented no evidence suggesting that either her summer work conditions or Hulsey's work conditions differed from

other similarly situated employees. Further, Luster presented no evidence suggesting an absence of legitimate, non-discriminatory reasons for Hulsey's work conditions. Thus, we conclude that Luster did not present evidence suggesting that her 2006 summer job conditions occurred under circumstances giving rise to an inference of gender discrimination or that the Forest Service's proffered justification for those job conditions is so weak, implausible, inconsistent, or incoherent that a reasonable factfinder could rationally find it unworthy of credence. Accordingly, we affirm the summary judgment dismissal of her disparate treatment claim.

*Retaliation Claim.* Luster alleged that the changes in her 2006 summer work conditions were in retaliation for her March 2006 complaint to an EEO Counselor about not being selected for the Forestry Technician position. To succeed on this retaliation claim, Luster must make a prima facie showing that (1) she was engaged in protected opposition to discrimination; (2) she was subjected to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).

The district court ruled that some of the work changes could be considered an adverse employment action. But it ruled that Luster presented no evidence of a causal connection between these actions and Luster's EEO complaint. It ruled the undisputed evidence showed that Crespin made the assignment decision in

-13-

February 2006, and informed Luster of that decision in March 2006, but did not learn about Luster's EEO complaint until April 2006.

Luster contends the district court erred in accepting as true Crespin's testimony that he made the decision in February 2006 to assign Luster field duties that summer. We find no error. Crespin's testimony is undisputed. At summary judgment, the nonmoving party cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (internal quotation marks omitted). Luster contends for the first time on appeal, *see* Aplt. App., Vol. I at 189-90, that Crespin denied her pay commensurate with her field work and that there is no evidence when Crespin made that decision. Again, we will not consider an issue that Luster did not present to the district court. We affirm the district court's summary judgment dismissal of Luster's retaliation claim.

*Privacy Act Claim.* Luster contends that the Forest Service improperly disclosed her confidential information in violation of the Privacy Act, 5 U.S.C. § 552a(b), when Forest Service attorney Rosenbluth faxed to Crespin several documents with Luster's name and information from her EEO complaint file to a fax machine that was accessible to numerous Forest Service employees. Luster only identified one document that appears to have been faxed without a cover

-14-

sheet. *See* Aplt. App., Vol. I at 87.[2] The remaining documents were faxed with a cover sheet, most of which stated the faxed document was privileged and confidential. Luster presented evidence that a Forest Service employee saw these documents come through the fax machine on two occasions, but that employee testified that she never looked at anything beyond the cover sheets. *See* Aplt. App., Vol. I at 167 (answering "[n]o" to the question of whether she looked at anything beyond the cover sheet). Crespin did give one of the documents–a notice of the EEO hearing date–to two Forest Service employees who were to be witnesses at the hearing. It is undisputed that the administrative judge had ordered these witnesses be notified of the hearing.

The Privacy Act prohibits disclosure of an individual's "record" that is contained in a "system of records by any means of communication" to another person without the individual's consent, subject to certain exceptions. 5 U.S.C. § 552a(b). One such exception is where the employees of the agency "have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1). To prevail on a violation of the Privacy Act, a plaintiff must demonstrate that "(1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected the plaintiff, and

---

[2] Luster also cites to a document at Aplt. App. Vol. I at 85 and 88 (two copies of the same document), but we cannot confirm that this document lacked a cover sheet because the fax transmission sheet states the fax contained three pages, *see id.* at 85.

(4) the disclosure was willful or intentional." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010).

The district court ruled that there was no "disclosure" in violation of the Privacy Act because Luster presented no evidence that any person other than the intended recipients, Crespin and the two EEO hearing witnesses, saw the faxed documents. It further ruled that Luster had not presented any evidence that any actual disclosure was willful and intentional.

Luster contends that the district court erred in ruling that there was no "disclosure" as that term is understood under the Privacy Act. Luster did not argue before the district court that anyone other than Crespin and the two EEO hearing witnesses viewed her EEO information.[3] Luster does not contend that it was unlawful for Crespin or the hearing witnesses to receive and view the documents. Rather she contends the mere transmission of the documents to a fax machine at which unauthorized persons might have viewed the documents constitutes a prohibited disclosure.

The Privacy Act does not define the phrase "disclose . . . to any person [or] agency." § 552a(b). This court has held that "disclosure" under the Privacy Act

---

[3]     For the first time on appeal, *see* Aplt. App., Vol. I at 182-83; 190-93, Luster contends that the Forest Service attorney mailed an EEO order to Crespin and that someone other than Crespin opened the letter. She bases this on speculation, namely that someone other than Crespin must have opened it because it was stamped as received. In any event, we need not address this argument because Luster did not first present it to the district court.

means "providing personal review of a record, or a copy thereof, to someone other than the data subject or the data subject's authorized representative." *Pippinger v. Rubin*, 129 F.3d 519, 528 (10th Cir. 1997). "Courts and commentators who have considered this phrase have concluded it requires that a disclosure actually occurred." *Schmidt v. United States Dep't of Veterans Affairs*, 218 F.R.D. 619, 630 (E.D. Wis. 2003) (holding that the Privacy Act term "disclose" means "the placing into the view of another information which was previously unknown") (amended on reconsideration on other grounds, 222 F.R.D. 592, 593-94 (E.D. Wis. 2004). As the district court noted, Luster cites "no authority to suggest that the *possibility* that a record might be revealed to unauthorized readers by negligent or reckless transmission is sufficient to constitute a prohibited disclosure under the Act," *Luster*, 2010 WL 5070933, at *8, nor have we found any authority so holding. Thus, we find no error in the district court's ruling that Luster failed to establish a prohibited disclosure.

Further, given the lack of any authority in support of Luster's contention that it is a violation of the Privacy Act to transmit confidential materials (all but one of which was covered by a transmittal cover sheet) to an unsecured fax machine, we agree with the district court that Luster has not demonstrated that any actual disclosure by Rosenbluth was willful and intentional. *See Andrews v. Veterans Admin.*, 838 F.2d 418, 425 (10th Cir. 1988) (holding that a disclosure is considered "willful or intentional" under the Privacy Act only if the "action [was]

-17-

so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or conduct committed without grounds for believing it to be lawful or action flagrantly disregarding others' rights under the Act." (internal quotation marks and citation omitted). Therefore, we find no error in the district court's summary judgment dismissal of Luster's Privacy Act claim.

The judgment of the district court is AFFIRMED.