FILED
United States Court of Appeals
Tenth Circuit

July 11, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID M. DOYLE,

　　　　　Plaintiff-Appellant,

v.

THE NORDAM GROUP, INC.,
a foreign for profit corporation;
NORDAM TRANSPARENCY
DIVISION OF TEXAS, INC.,
a domestic for profit corporation,

　　　　　Defendants-Appellees.

No. 11-5004
(D.C. No. 4:09-CV-00531-TCK-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

David M. Doyle appeals the district court's order granting summary

judgment in favor of his former employer, the Nordam Group. He claims Nordam

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discriminated against him because of his age, in violation of the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634,

when it failed to promote him.

We affirm the judgment of the district court because Doyle did not present

sufficient evidence on which a reasonable jury could find that Nordam's reasons

for not promoting Doyle were a pretext for age discrimination.

## I. Background

In 2006, Nordam hired Doyle, then aged 62, as the assistant controller for

its Transparency Division, which manufactures aircraft components such as

windows and helicopter bubbles. A year after Doyle was hired, the controller

resigned and Jon Day, a Nordam Vice President, asked Doyle to temporarily

assume the controller's duties. Doyle served as the acting controller for the next

21 months under Day's direct supervision.

While Doyle served as the acting controller, the company engaged in a

search for a permanent controller. Day was responsible for filling the position,

and Doyle was interested in applying for it. In announcing the position, Nordam

set forth the job qualifications it was seeking: Bachelor Degree (BA) in

Accounting, Finance, or equivalent and a Certified Public Accountant (CPA)

certification required. The announcement also stated: "Experience may be

substituted for the formal education and training requirements in this section at the

discretion of management." Aplt. App. at 72. Doyle met the minimum

educational requirements but did not have an active CPA certification at the time. His certification had lapsed nearly 20 years previously.

At the time Nordam announced the job opening for the controller position, Doyle was not eligible for promotion. Nordam had a policy that employees were ineligible for promotion for at least one year after an unsatisfactory review, and Doyle had received an unsatisfactory performance review for 2006, his first year on the job, receiving the lowest rating in a majority of performance criteria. The following year, Doyle's performance improved to a rating of "Achieves Expectations," still the third lowest out of five possible performance ratings. *See id.* at 78.[1] On the employee portion of the review, issued in January 2008, he handwrote that he now wished to be considered for the controller position despite his earlier ineligibility. In early 2008, although he never formally submitted a written application, he claims that after the review he made several oral requests to Day and Hastings Siegfried, the General Manager of the Transparency Division, to be considered for promotion. He claims neither directly responded to his request, *id.* at 45, but it is clear they did not consider him a viable candidate.

---

[1] The record is unclear whether Doyle became eligible for promotion in January 2008, one year after the January 2007 effective date of his negative 2006 evaluation, or in March 2008, one year after he was issued a written reprimand relating to the 2006 evaluation. *Compare* Aplt. App. at 49 (Doyle's testimony that Day told him he would be considered for the controller position in January 2008), *with id.* at 146 (Day's testimony that Doyle "was still under the warning policy till March of '08"). The precise timing does not affect the outcome of this appeal.

-3-

His first written request to be considered for the controller position was in July 2008, when he sent an email to Siegfried. He sent a similar email request to Day in early August.[2] Neither Siegfried nor Day responded to those requests and Doyle did not receive an interview for the controller position.

Beginning in February 2008, Nordam began interviewing other candidates. Three candidates who were interviewed did not have active CPA certifications, but Nordam did not hire any of them. Instead, in December 2008, it hired a CPA 20 years younger than Doyle. But by then, Doyle had already applied for a controller job with another company; he resigned from Nordam and took that job in January 2009.

After his resignation, Doyle filed a complaint with the EEOC, claiming age discrimination. The EEOC declined to further investigate his claim. Doyle then sued in federal court. The district court granted Nordam's motion for summary judgment, evaluating Doyle's claim under the three-part *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The court held that although Doyle established a prima facie case of age discrimination, Nordam had proffered legitimate, non-discriminatory reasons for not promoting him.

---

[2] Doyle also sent a letter to Day on October 12, 2007, asking for the controller job, but he was ineligible for promotion at that time. Day did not respond to this inquiry.

Doyle argues on appeal that he produced sufficient evidence of pretext to withstand summary judgment.[3] Nordam contends summary judgment was appropriate both because Doyle did not make out a prima facie case and because Doyle's evidence failed to show that Nordam's legitimate, non-discriminatory reasons for not promoting him were a pretext for unlawful discrimination.

## II.  Discussion

We review the district court's summary judgment order de novo, applying the same legal standards as the district court.  *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007).  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Pursuant to this standard, "we must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."  *Swackhammer*, 493 F.3d at 1167 (internal quotation marks omitted).  "The purpose of a summary judgment motion is to assess whether a trial is necessary. In other words, there must be evidence on which the jury could reasonably find for the plaintiff."  *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007)

---

[3]  He has not renewed on appeal his claims of constructive discharge, intentional infliction of emotional distress, or claims based on state law. Accordingly, he has waived those claims.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 n.4 (10th Cir. 2002) (stating issues not argued to the appellate court are deemed waived).

(citation omitted) (internal quotation marks omitted).

### A. *ADEA and McDonnell Douglas*

The ADEA makes it "unlawful for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA requires "but-for" causation; therefore, a plaintiff claiming age discrimination must establish by a preponderance of the evidence that his employer would not have taken the challenged employment action but for the plaintiff's age. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009).[4]

We evaluate Doyle's claim under the three-step *McDonnell Douglas* framework. *McDonnell Douglas Corp.*, 411 U.S. at 802–05. Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114 (10th Cir. 2007). If the plaintiff does so, the employer "must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* After that, "the burden shifts back to the employee to prove that the proffered legitimate reason was a pretext for discrimination." *Id.* at 1114–15.

---

[4] "*Gross* does not disturb longstanding Tenth Circuit precedent by placing a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action." *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Nor does *Gross* "preclude our continued application of *McDonnell Douglas* to ADEA claims." *Id.*

-6-

At the pretext step, a plaintiff can withstand summary judgment by presenting evidence sufficient to call into question the truthfulness of the employer's reasons for the adverse action. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–49 (2000). Pretext may be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 925 (10th Cir. 2004) (internal quotation marks omitted).

Where, as here, the employer proffers several legitimate, non-discriminatory reasons for the adverse employment action, an employee must generally "proffer evidence that shows *each* of the employer's justifications are pretextual." *Tyler v. RE/MAX Mtn. States, Inc.*, 232 F.3d 808, 814 (10th Cir. 2000) (emphasis added). But "when the plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility" with regard to its remaining reasons. *Id.* This is particularly true where the proffered reason was generated only after the adverse action, where the employer may have fabricated evidence relating to its reasons, *see Plotke v. White*, 405 F.3d 1092, 1103–08 (10th Cir. 2005), or where a clearly pretextual reason "predominates over" the non-pretextual reasons, *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114,

1126–27 (10th Cir. 2005).

With this background in mind, we turn to the parties' arguments.

***B.  Application***

The district court concluded that Doyle could establish a prima facie ADEA case, but failed to show pretext.  For purposes of this discussion, like the district court, we assume that Doyle has made a prima facie case at *McDonnell Douglas* step one.

Doyle does not dispute that Nordam met its burden of production at the second *McDonnell Douglas* step—it proffered legitimate, non-discriminatory reasons for not promoting Doyle.  We discern three reasons in support of Nordam's decision:

(1) Doyle's overall job performance did not merit a promotion;

(2) he lacked a current CPA certification; and

(3) he did not formally reapply for the position after he became eligible.

Therefore, we proceed to the question whether Doyle produced sufficient evidence to demonstrate that those reasons were a pretext for unlawful age discrimination.  Examining Nordam's reasons as a whole, we agree with the district court that Doyle has failed to show evidence on which a reasonable jury could find Nordam's reasons were pretextual.

*1.  Job Performance*

Nordam contends that Doyle's poor performance in 2006 and mediocre

improvement in 2007 was a basis for its failure to consider him for controller.

Doyle concedes he received a poor performance review for 2006, and that he was given a written reprimand and a performance improvement plan in March 2007. Doyle's performance improved in 2007, but at the end of the year he received only a rating of "Achieves Expectations," the third lowest of five categories. Doyle argues that, because his most recent review was satisfactory, Nordam's claim that it did not promote him due to his previous negative review is pretextual.

Doyle's argument confuses minimum qualifications with a legitimate differentiator. Doyle's satisfactory review for 2007 may have made him minimally eligible for the position under Nordam's policies. But it does not follow that his prior year's sub-par performance was irrelevant to Nordam's promotion decision. A negative or even average performance review is obviously a legitimate factor any employer may consider in deciding whom to promote to a senior management position, particularly where, as here, the performance problems are relatively recent. *See Kumar v. Bd. of Trs., Univ. of Mass.*, 774 F.2d 1, 11 (1st Cir. 1985) ("[T]he selector has a right to seek distinction beyond the minimum indispensable qualities."). Doyle was also considered to have weaker leadership skills, and received low marks in his relationship with the company's general manager.

And the fact that his performance problems predate the controller vacancy

undermines any inference the negative reviews were age based and not an accurate reflection of his performance. Moreover, Doyle worked with the company managers responsible for the promotion, and they were well aware of the strengths and weaknesses Doyle would bring to the position as permanent controller.

Thus, Doyle's evidence does not suggest that his job performance, as reflected in his written reviews and the comments of his supervisors, was a pretext for age discrimination.

### 2. *CPA Certification*

The job announcement stated it required a current CPA certification. Doyle claims Nordam interviewed several candidates who did not have a current CPA certification, and the CPA certification was not an absolute bar to being considered for the position. He argues this shows pretext. In response, Nordam contends the decision not to hire any of those applicants, instead selecting a CPA, demonstrates the importance of a CPA certification. It contends that Doyle's lack of CPA certification and his other relative qualifications together disqualified him from serious consideration for the position.

As an initial matter, an important distinction exists between minimum qualifications—those that are absolutely mandatory to be eligible for a position—and other positive attributes that set competing candidates apart. The former are relevant at the first stage of the *McDonnell Douglas* analysis; a candidate that is not minimally qualified fails to make out a prima facie case of discrimination. But

-10-

the latter may legitimately be used to differentiate between minimally qualified candidates; a candidate may be minimally qualified, yet lack the skill set and experience other candidates offer. A "qualification" in this sense does not lose its relevance simply because it is not an absolute minimum requirement for employment.

Here, having a CPA certification was not an absolute minimum qualification to be interviewed for the controller position. But it does not follow that having a CPA certification was *irrelevant*, or that candidates with CPA certifications were not *better* qualified than candidates without them. Degrees, professional certifications, and similar achievements are legitimate bases on which to differentiate among competing candidates. *See Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1458 (10th Cir. 1994) ("[E]mployer [is] entitled to rely on superior educational credentials in retaining more qualified younger employee over older employee with more seniority.") (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1471 (6th Cir. 1990)); *Webber v. Int'l Paper Co.*, 417 F.3d 229, 238 (1st Cir. 2005) ("[T]he possession of a degree can be a reasonable criterion for retaining one employee over another.") (citing *Rea*, 29 F.3d at 1458); *Jones v. Eaton Corp.*, 42 F. App'x 201, 204 (10th Cir. 2002) ("Both [candidates] . . . satisfied the minimal educational requirements for the . . . position. However, . . . [the hired candidate] has an associate of science degree, a bachelor of science degree in mechanical engineering technology and a master of science degree in industrial

-11-

safety management.");  *Manora v. Donahoe*, 439 F. App'x 352, 356 (5th Cir. 2011) (per curiam) (where multiple candidates qualified, CPA certification is a "legitimate, nondiscriminatory reason[] for selecting one manager over another");  *see also Jordan v. City of Gary*, 396 F.3d 825, 834 (7th Cir. 2005) ("management skills" and "organizational skills" are a "legitimate business justification" for differentiating between two qualified candidates);  *Hill v. Seaboard Coast Line R.R. Co.*, 885 F.2d 804, 810 (11th Cir. 1989) ("[A]lthough [plaintiff] might prevail in establishing a prima facie case, he could not overcome a legitimate business justification—i.e., choosing the *most* qualified candidates—specifically credited by the district court."  (emphasis added)).

Thus, to demonstrate pretext, it is not sufficient for Doyle merely to show that he was minimally qualified.  Rather, he must produce evidence that his lack of a CPA certification was a pretext for age discrimination.

Doyle relies solely on the fact that Nordam interviewed some non-CPAs for the position.  But, as the district court found, this fact only proves that "the universe of applicants for the controller position included some individuals without CPA certification"—in other words, that some candidates without current CPAs were nonetheless deemed minimally qualified.  Aplt. App. at 268.  It does not undermine Nordam's claim that having a CPA could itself be a legitimate differentiator between qualified candidates, and that its decision was, in fact, based on Doyle's lack of a current CPA certification.  Indeed, one candidate's lack of a

-12-

CPA certification was specifically noted as a negative factor by his interviewer; that candidate was not hired despite the fact that he possessed many other positive attributes that might have made him the best candidate. *See id.* at 213.

In sum, Doyle has not shown that a preference for a CPA certification was a subterfuge for age discrimination or otherwise inconsistent with Nordam's proffered reasons for interviewing other candidates.

### 3. Failure to Apply

Nordam also asserts that Doyle was not considered for promotion because he did not formally reapply for the controller job after he became eligible in January or March 2008. Doyle claims he made his intention known by his comment on his annual job review form, but he did not send a written notice until July or early August 2008. But by that time, Day had already interviewed other candidates and the hiring process was well underway, and Nordam had no obligation to expand the candidate pool.

### 4. Multiple Rationales

Doyle argues that Nordam's reasons for not considering him for promotion changed over time. For example, he says Nordam highlighted to the EEOC his ineligibility because of his poor performance review and not that he was considered a weak candidate.

If an employer provides multiple explanations for an action we still look to whether "the multiple grounds offered by the [employer] . . . are so intertwined, or

the pretextual character of one of them [is] so fishy [or] suspicious," or whether the employer has been "shown to have li[ed] in an outrageous manner . . . about a number of issues." *Tyler*, 232 F.3d at 814 (internal quotation marks omitted); *accord Richey v. City of Independence*, 540 F.3d 779, 787 (8th Cir. 2008) Shepherd, J., concurring); *Fischer v. Avanade, Inc.*, 519 F.3d 393, 403–04 (7th Cir. 2008). But where a defendant's multiple explanations are not so interrelated or suspicious, then a plaintiff's showing that only *some* of the explanations are pretextual is insufficient to survive summary judgment. *See Luster v. Vilsack*, 667 F.3d 1089, 1094 (10th Cir. 2011) ("We . . . find no error in the district court's decision to grant summary judgment based only on [employee's] failure to show the second justification [of two] was pretextual."); *accord Kautz v. Met-Pro Corp.*, 412 F.3d 463, 471 (3d Cir. 2005); *see also Reeves,* 530 U.S. at 148 (even if one reason is shown to be pretextual, "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision"). It is not simply a question of how many of the defendant's reasons a plaintiff has refuted, but rather a question of whether casting doubt on a particular justification necessarily calls into doubt the other justifications. *See Tyler*, 232 F.3d at 814.

While Nordam may have emphasized Doyle's lack of qualification to the EEOC, there is no evidence it was a post-hoc rationalization or somehow fabricated. CPA certification was listed as a qualification (though not an absolute

-14-

bar) in the job description, indicating that its relevance was not invented after the fact by Nordam, but was communicated to Doyle (and all other candidates) prior to his application. *Cf. id.* at 816. And Doyle's unsatisfactory performance was well-documented prior to the time the controller position became available. Further, both Doyle's lack of a current CPA certification and his performance review were objective, as opposed to subjective, factors. Such factors are particularly relevant when the alleged discriminatory action is a failure to promote, because it is the employer's prerogative to hire the *best* candidate for the job, not one that is merely minimally qualified. *See Kumar*, 774 F.2d at 11.

With regard to Nordam's explanation that Doyle did not reapply after he became eligible, that explanation has nothing to do with Doyle's merit as a candidate, but rather alleges a failure to comply with a procedural requirement. Regardless of whether Doyle needed to submit a formal written application, or if his emails suggesting his interest came too late in the process, this explanation does not undermine the other reasons proffered by Nordam, both of which related to Doyle's fitness for the job.

In sum, we conclude that Nordam's explanations did not change over time in such a manner as to permit an inference of pretext. To the extent Nordam emphasized some reasons more than others, it focused on the reasons that were objectively documented—Doyle's lack of a CPA certification and his job

-15-

performance.[5]

## III. Conclusion

We determine Doyle has not demonstrated issues of material fact regarding pretext sufficient to survive summary judgment. Construing the evidence in the light most favorable to Doyle, a jury could not reasonably conclude that Nordam's legitimate, non-discriminatory reasons for not promoting him were a pretext for age-based discrimination.

---

[5] As an afterthought, Doyle points to "[a]dditional evidence" of pretext: that "[d]uring the time that Doyle served as acting Controller, Day hired three other Controllers, all considerably younger than Doyle," and "Day . . . made age related comments stating that one candidate who he interviewed but did not hire was 'getting close to retirement,' and that Doyle was not 'energetic,' as opposed to the subsequently hired younger applicants." Aplt. Br. at 17–18.

The district court correctly rejected this argument. The evidence of hiring in other departments was insufficiently detailed to be probative of pretext, particularly since it did not show that Doyle and the other controllers were similarly situated. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1114–15 (10th Cir. 2007). And Day's allegedly ageist statements were appropriately categorized as "stray remark[s]" or "isolated [or] ambiguous comments" when read in context. *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000) (internal quotation marks omitted); *see* Aplt. App. at 161 (describing an "energetic" person as one who "would be on top of the situation at that business, they'd know what's going on in the business, they would demonstrate the eagerness to go solve problems and work problems and really improve the operation of the Finance Group"); *id.* at 232 (commenting that a candidate was "[g]etting close to retirement, but feels he can work another 10 to15 years").

We AFFIRM the judgment of the district court.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge