FILED
United States Court of Appeals
Tenth Circuit

March 20, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SALLY LUKE,

        Plaintiff-Appellant,

v.

HOSPITAL SHARED SERVICES, INC.

        Defendant-Appellee.

No. 12-1219
(D.C. No. 1:10-CV-03087-WJM-BNB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

This is a suit for discrimination and retaliation under Title VII of the Civil

Rights Act of 1964 and the Colorado Anti-Discrimination Act (CADA). Sally Luke

appeals from an entry of summary judgment in favor of her former employer,

Hospital Shared Services (HSS). We affirm.[1]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Our jurisdiction derives from 28 U.S.C. § 1291.

## I. Background

As required on summary judgment, we relate the facts in the light most favorable to Luke, the non-moving party. *Medlock v. United Parcel Serv., Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010). She was a security guard employed by HSS, which provides security services at the Denver International Airport (DIA). In early April 2010, a City of Denver manager conducting observational testing saw Luke drinking coffee in public and stopping by security posts in the DIA terminals, talking to the guards, and distributing flyers for a fundraising tamale sale. The Denver manager warned Luke that congregating and drinking in public view were not allowed and reported her observations to HSS's Director of Security, John Costigan.[2]

HSS human resource (HR) personnel met with Luke several times in April to investigate these issues, but Luke repeatedly denied soliciting tamale sales in the terminal and demanded HSS provide proof and name the reporting witness. In her written response, Luke wrote, "Accusations of soliciting tamales at TSA security check points and on concourses. Response: Untrue -- Prove It." Aplt. App. at 119. Luke had previously received disciplinary warnings for insubordination and use of profane language.

Costigan decided to terminate Luke on May 3. On May 4, at approximately 2:10 pm, Costigan and other HSS Security and HR managers met with Luke and terminated her employment for misconduct and unacceptable behavior, specifically

---

[2]  Unless otherwise noted, the recited facts are undisputed.

insubordination, not taking responsibility for her actions, and providing false information during the investigation. Luke claims she gave a letter to her supervisor, Frank Campbell, alleging discrimination thirty minutes before she was terminated. Campbell testified he did not read her letter, but copied it, returned the original to Luke, put the copy in an envelope, took it to HR, and slid it under the HR manager's door because it was after hours. According to the HR manager, she saw this letter the morning of May 5 and then gave it to Costigan.

Luke's complaint alleged unlawfully discharge based on 1) her Hispanic and Native American heritage and her gender and 2) retaliation for her letter claiming discrimination. HSS moved for summary judgment, arguing: Luke had not presented evidence of a prima facie case of discrimination; its reasons for terminating her were legitimate and non-discriminatory; and she presented no evidence demonstrating its reasons were a pretext for discrimination. Moreover, it argued, Luke could not establish a prima facie case of retaliation. The district court agreed.

## II. Analysis

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). "A dispute is genuine if there is

sufficient evidence so that a rational trier of fact could resolve the issue either way." *Id.* (quotation marks omitted).

Discrimination Claim

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discrimination claims, Luke's included, are analyzed under a three-step burden-shifting framework that requires her to first establish a prima facie case of discrimination. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "To set forth a prima facie case of discrimination, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Id.* "The burden then shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action." *Id.* "If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Id.*

As the district court saw it, Luke failed to present evidence demonstrating either different treatment from any other similarly situated employee or how the circumstances surrounding her termination otherwise give rise to an inference of

discrimination. Luke first contends she demonstrated her objective qualifications for the position she held and nothing more is required to make a prima facie showing of discrimination. She is mistaken. As the district court correctly ruled, she must also demonstrate that the challenged action took place under circumstances giving rise to an inference of discrimination. *See Khalik*, 671 F.3d at 1192.

Evidence of an employer's more favorable treatment of similarly-situated employees who are not members of a protected class can provide an inference of discrimination. *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). Luke claims several white, male HSS employees worked on the tamale fundraiser and were not disciplined, thus providing an inference of discrimination. But that fact is insufficient to permit the inference because no evidence demonstrates the white males' situation is similar to hers or they or any other HSS employee engaged in the same conduct as she. *See, e.g., Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997) ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.") (quotation marks omitted)). Of the four employees cited by Luke, three are not similarly situated because they did not have the same supervisor as Luke. Generally, to be similarly situated, employees must "deal with the same supervisor," *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006), because "[d]ifferent supervisors will inevitably react differently" to employee misconduct. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

Moreover, she presented no evidence of these white male employees, or any other employee, distributing flyers to security guards on duty in the DIA terminal. Also, significantly relevant was the total lack of evidence that other employees were argumentative with, and made false statements to, supervisors during an employment investigation.

According to Luke, her evidence of pretext is sufficient to establish an inference of discrimination. Some of our cases treat circumstances suggestive of discrimination as an element of a prima facie case; other cases treat these circumstances as part of the subsequent inquiry into pretext. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 n.5 (10th Cir. 2005) (noting this tension and collecting cases). But Luke's "evidence of discrimination/pretext fails as a matter of law," *id*. at 1174, whether analyzed by reference to the prima facie case or the pretext inquiry.

As evidence of pretext, Luke asserts: the HSS's policy against congregating is a vague, subjective term; she had permission to sell tamales; she had good performance evaluations; and she was only defending herself against spurious accusations during the investigation. Those reasons, as we understand her argument, are sufficient reason not to credit HSS's reasons. We are not persuaded. Luke's evidence and arguments are insufficient to suggest HSS's stated reasons for her dismissal are "so incoherent, weak, inconsistent or contradictory that a rational factfinder could conclude the reasons were unworthy of belief." *Young v. Dillon*

*Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (quotation marks omitted). She repeatedly argues that HSS's reasons were false because it approved the tamale fundraiser, but she conveniently ignores the undisputed evidence relating to the scope of the approval; HSS only permitted sales in a trailer outside the DIA premises during non-work hours. She was soliciting sales in the DIA terminal. But more to the point, HSS discharged her because of her unacceptable conduct during the investigation. Other than her spin on the facts−she was just protesting her innocence−Luke presents no evidence of pretext. "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (quotation marks and brackets omitted).

## Retaliation Claim

Title VII also makes it unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To state a prima facie Title VII retaliation claim, she must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik,* 671 F.3d at 1193 (quotation marks omitted).

To establish the requisite causal connection between the letter Luke gave Campbell and her termination, "the individual who took adverse action against her knew of [her] protected activity." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007) (quotation marks omitted); *see also Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008) ("[A plaintiff] must first come forward with evidence from which a reasonable factfinder could conclude that those who decided to fire [her] had knowledge of [her] protected activity.").

The district court reasoned as follows. Luke presented no evidence that Costigan or any of the other HSS managers at her termination meeting had any knowledge of the letter she had given to Campbell just before the meeting and, thus, she failed to establish a prima facie retaliation claim. Luke did not controvert Campbell's unequivocal testimony. He did not read the letter or speak with anyone about it, but only slid it under the HR manager's door at the end of the day.

Luke tells us there is "no doubt," and it is a "certainty" that Campbell read her letter and told Costigan about it before the termination meeting. Opening Br. at 28. She claims this "surely" must have happened simply because she was terminated thirty minutes after giving it to Campbell. *Id*. at 27. But this is pure speculation. "[M]ere conjecture" is insufficient to defeat summary judgment. *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1225 (10th Cir. 2007). Her evidence of close temporal proximity is, by itself, insufficient to defeat summary judgment in a Title VII retaliation claim. "[T]he proximity between a [protected] activity and the alleged

- 8 -

retaliatory act is meaningless unless those who caused the alleged retaliatory act to occur are shown to have been aware of the specific activity." *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1184 (10th Cir. 2002).

Because Luke failed to raise a genuine issue of material fact as to any causal connection between her protected activity and her termination, we affirm the summary judgment as to Luke's retaliation claim. As noted above, we also affirm the summary judgment as to all of Luke's discrimination claims. Thus, we also affirm the summary judgment on Luke's CADA claims, which are subject to the same legal standards as her Title VII claims. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010).

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge